IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLEAN McDONALD                                                            PLAINTIFF

versus                                                   CIVIL ACTION NO. 5:05cv67-DCB-MTP

JO ANNE B. BARNHART,
Commissioner of Social Security                                              DEFENDANT

REPORT AND RECOMMENDATION

Plaintiff Charlean McDonald brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act requesting judicial review of a final decision of the Commissioner denying her claim for disability benefits.  The matter is now before the court on the defendant's Motion to Dismiss for Failure to Prosecute [14-1] pursuant to Federal Rule of Civil Procedure 41(b).  The plaintiff timely responded to the motion [15].  Having considered the submissions of the parties and applicable law and being thus fully advised in the premises, the undersigned recommends that the defendant's motion be DENIED.

This case arises from Plaintiff McDonald's application for Disability Insurance benefits and Supplemental Security Income (SSI) benefits pursuant to the Social Security Act based on her claim that she has been disabled since January 5, 2002.  On December 16, 2004, the Administrative Law Judge (ALJ) found that the plaintiff was not disabled.   Despite the plaintiff's request, the Appeals Council declined to review the ALJ's decision, thereby rendering that decision the final decision of the Commissioner.[1]  McDonald timely instituted this action seeking review of the Commissioner's decision.  The Commissioner answered the complaint on March 10, 2006, and five months later filed the instant motion to dismiss.  The Commissioner submits that the case should be dismissed for the

---

[1] The foregoing facts were taken primarily from documents attached as exhibits to the complaint.

plaintiff's failure to prosecute because the plaintiff did not comply with the Standing Order Regarding Social Security Cases requiring that she file a dispositive motion and brief within thirty days from the filing of the answer. According to her response, the plaintiff was unaware of the deadline and was "merely waiting on directions from the Court." She offers that "by being pro-se the Plaintiff [sic] delay in actions was not intentional nor were they meant to clutter up the Court Calendar." She asks for an extension of time to file the requisite motion contending that such an extension "would not prejudice the Defendants." The Commissioner has not replied to this request.

Federal Rule of Civil Procedure 41(b) allows the court to dismiss an action "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Because under 42 U.S.C. § 405(g), the plaintiff had only sixty days following the mailing of the Appeals Council's denial of her request for review, were the court to dismiss this suit–now long past that sixty-day period–the plaintiff would be time-barred from refiling it. *Cole v. Barnhart,* No. 05-20810, 2006 WL 1684745, at *1 n.4 (5th Cir. June 13, 2006). Thus, in this case, dismissal of the suit would have the effect of a dismissal with prejudice. *Id.* at *1.

Dismissal with prejudice is warranted "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice." *Dorsey v. Scott Wetzel Servs.,* 84 F.3d 170, 171 (5th Cir. 1996).[2] The Fifth Circuit has

---

[2]*See also Hack v. Department of Housing and Urban Dev.,* 182 Fed. Appx. 338 (5th Cir. May 25, 2006) (vacating dismissal where there was not "a clear record of purposeful delay or contumaciousness" on the part of the plaintiff); *Warner v. Glass,* 114 Fed. Appx. 151, 151 (5th Cir. Nov. 30, 2004) (vacating dismissal where the record did not show that the plaintiff's failure to comply with court order "was the result of contumacious behavior or an attempt to delay the proceedings"); *Teel v. Walker,* 252 F.3d 436, *1 (5th Cir. 2001) (describing dismissal as "an extreme sanction" and vacating 41(b) dismissal where it was not clear from the record that the plaintiff's failure to comply with court orders was the result of his lack of diligence)*; Long v. Simmons,* 77 F.3d 878, 880 (5th Cir. 1996) (vacating dismissal where record contained no indication that plaintiff failed to comply with court order "to secure a delay or out of contumaciousness").

2

observed that "such a sanction is reserved for the most egregious of cases." *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982).  This is not such a case.

At the time the instant motion to dismiss was filed, the Commissioner charged that "Plaintiff is now over three months delinquent in compliance with this Order as of the date of this filing" and urged that "this case should [therefore] be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute."[3]  The Commissioner misses the mark with this contention because "a clear record of delay entails significant periods of total inactivity. [D]elay which warrants dismissal with prejudice must be longer than just a few months" and must involve more than one period of inactivity.  *Wood v. Wood,* No. 05-10867, 2006 WL 2460885, at *4 (5th Cir. August 23, 2006) (internal quotations and citations omitted).  In reversing the district court's dismissal order, the *Wood* court pointed to its precedent that "indicates that there must be 'significant periods,' plural" and cited *Morris v. Ocean Systems,* 730 F.2d 248 (5th Cir. 1984) and *Rogers v. Kroger,* 669 F.2d 317 (5th Cir. 1982) for the proposition that periods of dormancy of eight months and more than a year do not support dismissal for failure to prosecute.  *Wood* at *4-5.

Not only does the record of this case fail to show sanctionable delay, it likewise fails to show contumacious behavior sufficient to warrant dismissal. According to the Fifth Circuit, "'contumacious' is defined as 'stubbornly perverse or rebellious; willfully disobedient.'" *Id.* at *4 (finding conduct careless rather than contumacious).  Intentional failure to comply with a court order is contumacious; negligence is not: ""[I]t is not a party's negligence, regardless of how careless or inconsiderate, that makes conduct contumacious; instead, it is the stubborn resistance to authority that justifies a dismissal with prejudice." *Stearman v. Commissioner of Internal Revenue,* 436 F.3d 533, 537 (5th Cir. 2006) (also finding "general contempt and defiance of the court's authority" to

---

[3] Motion to Dismiss [14] at ¶ 7.

3

be "intentional, not mistakes or oversights"); *see also Castillo v. Alstom Power, Inc.,* 85 Fed. Appx. 985 (5th Cir. Jan. 22, 2004) (describing failures to comply with order as intentional "and not the result of mere inadvertence").

Although the docket does reflect that a copy of the Standing Order was sent to the plaintiff, this was done nearly a year before the Commissioner answered the complaint. [4] That Plaintiff McDonald's failure to comply with the order's thirty-day requirement falls far short of the "stubborn resistance to authority" necessary for contumaciousness is borne out by her response to the Commissioner's motion. McDonald indicates that she was unaware of the deadline, that the delay resulting from her failure to file the requisite motion was not intentional and that she will file "an appropriate dispositive motion" if the court grants her an extension of time. Under these circumstances, it is appropriate that the court decline to impose the severe sanction of dismissal at this point in the litigation,[5] not just because the requisites for dismissal are not met [6] but also because the defendant has neither alleged nor shown actual prejudice arising from the plaintiff's noncompliance. *See Rogers v. Kroger,* 669 F.2d 317, 320 & n.5 (5th Cir. 1982).

## CONCLUSION

It is therefore the recommendation of this court that the Commissioner's Motion to Dismiss

---

[4] Docket entry dated May 10, 2005. In the meantime, the plaintiff filed a Motion for Default Judgment [5], which, upon the Commissioner's Motion to Strike, was ordered stricken [8].

[5] *See Harris v. Barnhart,* No. 06-30498, 2006 WL 3193376, at *1 n.1 (5th Cir. Nov. 6, 2006) (recognizing the "wide latitude" afforded *pro se* litigants); *Newsome v. Equal Empl. Opp. Comm'n,* 301 F.3d 227, 233 (5th Cir. 2002)("Normally, we recognize that a *pro se* plaintiff does not have the same training as an attorney, and accord a *pro se* plaintiff some measure of latitude in...the errors she might make.").

[6] *See Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1520-21 (5th Cir. 1985) (explaining that even "noncompliance with two or three orders" does not "establish a clear record of delay or contumacious conduct").

for Failure to Prosecute [14] be DENIED.  It is further recommended that the plaintiff's Motion to Strike [16] be DENIED but that her Motion for Extension of Time to File Dispositive Motion and Memorandum [17] be GRANTED, that she be given thirty days from entry of the court's order to file her dispositive motion and memorandum, and that she be warned that her failure to proceed timely with her case as ordered could result in its dismissal.[7]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 5th day of December, 2006.

s/Michael T. Parker  
United States Magistrate Judge

---

[7] *See Rogers v. Kroger,* 669 F.2d at 321(noting that, among other measures, "explicit warnings are...less severe sanctions that may be used to safeguard a court's undoubted right to control its docket").